IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:06CR227 |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| RAYMOND L. HEISSER, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255. Filing Nos. 41 and 45. Under Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the court must perform an initial review of the defendant's § 2255 motion. *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 4(b) (2011 Ed.). The rules provide that unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must order the United States Attorney to respond to the motion. *Id.*

The defendant plead guilty to conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846. Filing No. 27 (text minute entry). The defendant was sentenced to 120 months of imprisonment. Filing No. 34. In his § 2255 motion, the defendant alleges that he received a wrongful sentence relating to the misinterpretation of his sentencing guidelines according to §4A1.1(e) of the United States Sentencing Guidelines. Filing Nos. 41 and 45. *See* U.S. Sentencing Guidelines Manual §4A1.1(e) (2006).

On initial review, the court finds that it does plainly appear that the defendant is entitled to no relief, and that the government should not be required to answer. *See Rules*

*Governing Section 2255 Proceedings for the United States District Courts*, Rule 8(a) (2011 Ed.). This court lacks authority to sentence below the mandatory minimum sentence. *See United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir.2003) (only authority for court to depart below statutory minimum sentence is in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or when defendant qualifies under safety-valve provision); *United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006), *United States v. Booker*, 543 U.S. 220 (2005), "does not relate to statutorily-imposed sentences"). The defendant was sentenced to the mandatory minimum and the elimination of §4A1.1(e) of the United States Sentencing Guidelines is irrelevant and does not affect the sentence. Therefore, the defendant's motion for a sentence reduction is without merit.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to vacate under 28 U.S.C. § 2255, Filing Nos. 41 and 45, is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.